OPINION
Appellant Timothy Foster is appealing the decision of the Stark County Court of Common Pleas that imposed a six-month prison term for his conviction under R.C. 2925.11(A), a fifth degree felony.
The Stark County Grand Jury indicted appellant on April 18, 1997, for one count of possession of cocaine. On June 5, 1997, appellant changed his plea and entered a plea of guilty. The trial court accepted appellant's guilty plea and deferred sentencing appellant until after the completion of a pre-sentence investigation.
At his sentencing hearing on July 7, 1997, the trial court found two factors present that would warrant a prison term rather than community control. First, the trial court found that appellant tested positive for drugs and/or alcohol while being assessed for a community control sanction. Second, the trial court found that appellant was already under community control and had violated community control. Judgment Entry July 11, 1997, at 2-3.
Based upon the above findings, the trial court sentenced appellant to a six-month prison term. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN THE TRIAL COURT IMPOSED A SIX MONTH DETERMINATE SENTENCE ON THE DEFENDANT/APPELLANT.
 I
Appellant contends, in his sole assignment of error, that the trial court erred when it sentenced him to a six-month prison term instead of community control for his commission of a fifth degree felony. We disagree.
Under Senate Bill 2, a defendant convicted of a fifth degree felony does not have an automatic right of appeal. Rather, R.C.2953.08 provides when an appellant, convicted of a fifth degree felony, may appeal as a matter of right. This statute states, in pertinent part:
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the following sentence imposed upon the defendant on one of the following grounds:
* * *
 (2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925 of the Revised Code that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in division (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender. (Emphasis added.)
Pursuant to the above statute, we must determine whether appellant has a right to appeal the sentence imposed by the trial court. If the trial court did not specify, at sentencing, that it found one or more of the factors contained in R.C.2929.13(B)(1)(a) through (i)[1], appellant has a right to appeal.
The factors the trial court is to consider pursuant to R.C.2929.13(B)(1)(a) through (h) are as follows:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321 * * *, 2907.322 * * *, 2907.323 * * *, or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
In its sentencing judgment entry, the trial court found that "defendant [appellant] tested positive to drugs and/or alcohol while being assessed for community control applicability" and "defendant [appellant] already under community control or violated prior community control." Judgment Entry, July 11, 1997, at 2-3.
The first factor listed by the trial court in support of its conclusion that appellant should not receive community control is that he tested positive for drugs and/or alcohol while being assessed for community control applicability. No where under R.C.2929.13(B)(1)(a) through (h) does it list this evidence as a factor the trial court is to consider in determining whether or not to grant a community control sanction. Therefore, the trial court's decision based upon this factor is contrary to the statute.
However, the fact that appellant was already under community control or violated community control is a relevant factor for the trial court to consider and under R.C. 2929.13(B)(1)(h), is a factor which, if present, permits a trial court to impose jail time rather than a community control sanction. R.C.2929.13(B)(2)(a). However, in addition to finding one of the factors present under R.C. 2929.13(B)(1)(a) through (h), the trial court must also determine, under R.C. 2929.13(B)(2)(a), that after considering the factors in R.C. 2929.12, a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and the offender is not amenable to community control. Once this determination is made by the trial court, the court may impose prison time as opposed to a community control sanction.
In the case sub judice, the trial court specifically noted that "[f]or reasons stated on the record, and after consideration of the factors under Revised Code 2929.12, the Court also finds that prison is consistent with the purposes of Revised Code section 2929.11 and the defendant is not amendable to an available community control sanction. Judgment Entry, July 11, 1998, at 3.
We find the trial court properly followed the statutory requirements contained in the Revised Code when it imposed prison time as appellant's punishment rather than a community control sanction. Therefore, appellant did not have the right, as a matter of law, to appeal his sentence to this Court.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00258
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
[1] Although R.C. 2953.08 refers to factors (a) through (i) of R.C. 2929.13(B)(1)(a), this latter section includes only factors (a) through (h).